**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
―――――――――――――――――――――――――

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                **06-CR-086S(Sr)**

**CORTEZ L. BRADBERRY,**

        **Defendant.**
―――――――――――――――――――――――――

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Cortez L. Bradberry ("the defendant"), is charged in a multicount indictment with having violated Title 21 U.S.C. § 846 (Counts 1 and 2), along with a co-defendant, Gary L. Moore,[1] and Title 21 U.S.C. § 844(a). (Docket #9). He has filed an omnibus discovery motion wherein he seeks: (1) "an order compelling all potentially favorable evidence," *i.e.*, *Brady* material; (2) "notification of any evidence that the government contends would be admissible under Rule 404(h) (sic)[2] of the Federal

---

[1] The co-defendant Moore entered a plea of guilty to a one count Felony Information (Title 18 U.S.C. § 4) on February 27, 2007 before the Hon. William M. Skretny.

[2] The Court will treat this as being Rule 404(b) F.R.E.

Rules of Evidence ("F.R.E."); (3) an "order requiring all government agents and officers who participated in the investigation of the defendant in this case to retain and preserve all rough notes taken as part of their investigation whether or not the contents of the notes are incorporated in official records;" and (4) joinder "in any motions filed by the co-defendant that would be applicable to him." (Docket #14). The defendant has also filed a motion seeking a severance from the trial of the co-defendant Moore. (Docket #14).

Since the co-defendant Moore has entered a plea of guilty to a Felony Information (s*ee* Docket #34), the defendant's motions seeking a severance and joinder in the co-defendant's motions are moot and therefore, those motions are DENIED. The remaining motions will be treated separately herein.

The government has filed its opposition to the defendant's motions. (Docket #16).

<u>DISCUSSION AND ANALYSIS</u>

1.     **Defendant's Request for *Brady* Material:**

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

Counsel for the government has acknowledged his responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and subsequent cases and has stated that the government does not possess any "'exculpatory' material within the contemplation of *Brady*." (Docket #16, p. 4 ).  As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id*. at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**2.     Defendant's Request For Notice Of
        Rule 404(b) F.R.E. Evidence:**

The defendant seeks not only "evidence that would be admissible under Rule 404(b) F.R.E.," but he also seeks "pretrial disclosure of any other evidence the government intends to use to impeach the defendant's credibility if he should choose to testify" and "a pretrial hearing to determine the admissibility of such evidence."
(Docket #14, p. 7).

In response, the government advises that it "will provide [Rule 404(b) F.R.E.] information to the defense pursuant to the District Court's trial scheduling order" upon discovering its availability and "reserves its right to offer evidence under 404(b)."

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added).  This has been done, and as a result, defendant's request on this issue is DENIED as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b) and 609 FRE is best left to the determination of the trial judge at the time of trial.

### 3.     Defendant's Request To Preserve Rough Notes:

Not only does the defendant seek "an order of this Court requiring all government agents and officers who participated in the investigation of the defendant in this case to retain and preserve all rough notes taken as part of their investigation whether or not the contents of the notes are incorporated in official records," he also seeks an "order requiring the government to preserve and protect from destruction, alteration, mutilation or dilution any and all evidence acquired in their (sic) investigation of the defendant."  (Docket #14, pp. 7-8).

This is an overly broad request for which there is no legal support. However, in the body of this particular request, it appears that the defendant is attempting to have all potential Rule 16 and *Jencks* materials preserved.  The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the

district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction. *United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

The government is hereby DIRECTED to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* and Rule 16, Fed.R.Crim.P. material in this case.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **<u>Failure</u>**

**to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

/s/ H. Kenneth Schroeder, Jr.

_____
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

**DATED:**      **Buffalo, New York**
                **May   11, 2007**